JUDGE SCHEINDLIN

07 CV 10511

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.I.J.J. ENTERPRISES, INC., *Plaintiff,* v. LF STORES, CORP.; LF STORES NEW YORK, INC. and LIPSY LTD., *Defendants.* | Civil Action No. **COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CAUSES OF ACTION** |

NOV 21 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, by its attorneys, for its Complaint against the defendants, alleges:

1. Plaintiff and/or its related companies has continuously distributed, displayed, promoted and sold clothing bearing the LIPSY mark in the United States since at least as early as 2003. Through retail stores located in New York and elsewhere in the United States, as well as the internet, defendants, without authorization from plaintiff, sell clothing bearing the LIPSY mark. Defendants are and/or should have been fully aware of plaintiff's rights in the LIPSY mark. The primary purpose of this lawsuit is to stop defendants from the deliberate and intentional infringement of plaintiff's LIPSY trademark. Unless defendants are enjoined from further misappropriation of plaintiff's goodwill, plaintiff will suffer substantial ongoing and irreparable harm.

**JURISDICTION AND VENUE**

2. This is an action for violation of Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125; for violation of Section 360-l of the New York General Business Law; and for violation of the common law of the State of New York pertaining to unfair competition.

3. This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1338 and under principles of supplemental jurisdiction, 28 U.S.C. §1367(a). Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Plaintiff A.I.J.J. Enterprises, Inc. ("A.I.J.J.") is a corporation organized and existing under the laws of the State of New York, maintaining a place of business at 1000 Pennsylvania Avenue, Brooklyn, New York.

5. A.I.J.J. and/or its related companies operate approximately one thousand of retail clothing stores across the country, including those under its Rainbow Shops division.

6. In connection with its retail store operations, A.I.J.J. and/or its related companies distribute, display, promote and sell clothing under their own brand names.

7. Upon information and belief, Defendant LF Stores, Corp. is a corporation organized and existing under the laws of the State of Delaware, maintaining places of business at 5333 McConnell Avenue, Los Angeles, California 90066.

8. Upon information and belief, Defendant LF Stores, Corp. conducts its business and sells products over the internet through its website at http://www.lfstores.com and through retail stores.

9. Upon information and belief, Defendant LF Stores New York, Inc. (Collectively with LF Stores, Corp., "LF") is a corporation organized and existing under the laws of the State of New York, maintaining places of business at 150 Fifth Avenue and 149 Spring Street, New York, New York.

10. Defendant LF Stores New York, Inc. conducts its business and sells

products through retail stores.

11. Upon information and belief, Defendant Lipsy, Ltd. is a corporation organized and existing under the laws of the United Kingdom, maintaining a place of business at 45-46 Berners Street, London, W1T 3NE.

12. Defendant Lipsy, Ltd. conducts its business and sells products over the internet through its website at http://www.lipsy.co.uk.

13. Upon information and belief, Defendants LF and Lipsy, Ltd. transact business within this district, derive revenue from intrastate and interstate commerce, and have committed tortious acts within this district and also without this district having consequences within this district, and defendants are otherwise within the jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS

14. A.I.J.J. and/or its related companies have been continuously distributing, displaying, promoting and selling clothing bearing the LIPSY mark in the United States since at least as early as September 2003 through its Rainbow stores.

15. As a result of all of the foregoing sales, display, distribution and promotional efforts, clothing bearing the LIPSY mark in the United States has come to be associated with A.I.J.J. and/or its Rainbow stores as its source.

16. On or about February 8, 2005, the LIPSY mark was registered as a trademark with the United States Patent and Trademark Office, and a registration issued to A.I.J.J. A.I.J.J.'s registration for LIPSY, No. 2,926,041, remains in full force and effect. A copy of this registration is attached as Exhibit A.

17. Upon information and belief, Defendant LF operates retail clothing

stores in Manhattan and around the country that offer for sale clothing bearing the mark LIPSY. Such sales are without the permission or authorization of A.I.J.J.

18. Upon information and belief, Defendant Lipsy, Ltd. supplies and distributes infringing products to Defendant LF for sale at Defendant LF's stores, including those of Defendant LF's stores located in Manhattan.

19. Upon information and belief, Defendant Lipsy, Ltd. sells clothing bearing the LIPSY mark directly to consumers in the United States over the internet through its website at http://www.lipsy.co.uk. Defendant Lipsy, Ltd.'s website contains information pertaining to the shipment of products to customers in the United States.

20. Defendants have sold and continue to sell products bearing the LIPSY mark that is the subject of A.I.J.J.'s aforementioned trademark registration in New York and throughout the United States.

21. Defendant Lipsy, Ltd., seeking the cancellation of A.I.J.J.'s federal trademark registration, has instituted a Cancellation proceeding before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.

## COUNT I [TRADEMARK INFRINGEMENT]

22. Plaintiff repeats and realleges each allegation in paragraphs 1-21 as if set forth in full herein.

23. Plaintiff has never authorized defendants to sell clothing in the United States under the LIPSY mark.

24. Upon information and belief, defendants' acts have been done willfully and intentionally, with full knowledge of plaintiff's trademark rights.

25. Defendants' continuation of their infringing acts have and will cause

plaintiff irreparable harm and injury and plaintiff has no adequate remedy at law.

26. Defendants have improperly sold goods bearing the LIPSY mark that is the subject of A.I.J.J.'s trademark registration with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate A.I.J.J.'s valuable trademark rights.

27. Defendants' said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Plaintiff is suffering damages as a result of the wrongful acts of defendants in an amount thus far not determined but believed to be at least $1,000,000.

**COUNT II [UNFAIR COMPETITION]**

29. Plaintiff repeats and realleges each allegation in paragraphs 1-29 as if set forth in full herein.

30. Plaintiff has never authorized defendants to sell clothing in the United States under the LIPSY mark.

31. Upon information and belief, defendants' acts have been done willfully and intentionally, with full knowledge of plaintiff's trademark rights.

32. Defendants' continuation of their infringing acts have caused and will cause plaintiff irreparable harm and injury, and plaintiff has no adequate remedy at law.

33. Defendants have improperly sold goods bearing the LIPSY mark that is the subject of A.I.J.J.'s trademark registration with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate A.I.J.J.'s valuable trademark rights.

34. Defendants' said acts violate Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

35. Plaintiff is suffering damages as a result of the wrongful acts of defendants in an amount thus far not determined but believed to be at least $1,000,000.

**COUNT III [COMMON LAW TRADEMARK INFRINGEMENT]**

36. Plaintiff repeats and realleges each allegation in paragraphs 1-35 as if set forth in full herein.

37. This cause of action arises under the law of the State of New York.

38. Defendants have affixed, applied and used in connection with the sale of goods, representations of the trademark LIPSY and have caused such goods to enter into commerce in the United States and the State of New York, to Plaintiff's detriment.

39. Defendants have improperly sold goods bearing the LIPSY trademark with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate the valuable trademark rights of Plaintiff.

40. The acts of defendants described herein were undertaken without the permission, license or consent of Plaintiff and are damaging to Plaintiff.

41. Plaintiff has no adequate remedy at law, and is suffering irreparable harm.

42. Plaintiff is suffering damages as a result of the wrongful acts of defendants in an amount thus far not determined but believed to be at least $1,000,000.

## COUNT IV [COMMON LAW UNFAIR COMPETITION]

43. Plaintiff repeats each allegation in paragraphs 1-42 as if set forth in full herein.

44. As a result of defendants' improper sale in the United States of clothing bearing the LIPSY mark, the fashion industry and the purchasing public are likely to buy defendants' products in the erroneous belief that they are authorized or endorsed by A.I.J.J.

45. Upon information and belief, defendants have intentionally misappropriated the mark that is the subject of A.I.J.J.'s trademark registration with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and with the intent to unfairly profit from plaintiff's goodwill at plaintiff's expense.

46. As a result of the foregoing, defendants' actions constitute unfair competition which have had and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

47. Plaintiff has no adequate remedy at law, and is suffering irreparable harm.

48. Plaintiff is suffering damages as a result of the wrongful acts of defendants in an amount thus far not determined but believed to be at least $1,000,000.

## COUNT V [INJURY TO BUSINESS REPUTATION AND DILUTION]

49. Plaintiff repeats and realleges each allegation of paragraphs 1-48 hereof, as if fully set forth herein.

50. By reason of the practices and acts set forth above, defendants are likely to injure A.I.J.J.'s business reputation and dilute the distinctive quality of plaintiff's marks, in violation of Section 360-l of the New York General Business Law.

51. These acts of defendants are without the permission, license or consent of plaintiff and, unless enjoined by this Court, defendant will continue these practices and acts, thereby harming plaintiff's business reputation and causing plaintiff immediate and irreparable injury for which plaintiff has no adequate remedy at law.

52. Plaintiff is suffering damages as a result of the wrongful acts of defendants in an amount thus far not determined but believed to be at least $1,000,000.

WHEREFORE, plaintiff demands:

REQUEST FOR INJUNCTIVE RELIEF

A. An injunction preliminarily and permanently enjoining and restraining defendants, their directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related companies, parent companies, licensees, assigns, and all persons in active concert or participation with them:

1. From importing, marketing, or selling any clothing bearing the LIPSY mark;

2. From passing off or otherwise representing to the fashion industry or the public in any way that any product sold by defendants emanates from, is related in source or sponsorship to, or is in any way related to plaintiff;

3. From injuring plaintiff's business reputation by diluting the distinctive quality of plaintiff's mark; and

4. From engaging in deceptive trade practices or acts in the conduct of defendants' business by means of selling products bearing plaintiff's LIPSY trademark;

B. Directing defendants to deliver to plaintiff or to destroy all clothing in their possession that bears the trademark that is the subject of plaintiff's trademark registration;

C. Directing defendant LF to recall all products bearing the LIPSY mark from its stores and directing defendant Lipsy, Ltd. to immediately recall all products bearing the LIPSY mark it has sold to customers in the United States;

D. Directing defendant LF not the fulfill or honor any orders for clothing bearing the LIPSY mark and directing defendant Lipsy, Ltd. not to fulfill or honor any orders for clothing bearing the LIPSY mark submitted through its website by customers in the United States;

REQUEST FOR DAMAGES

E. Directing defendants to account to plaintiff for all profits resulting from defendants' infringing activities;

F. Awarding plaintiff its damages from defendants' wrongful acts;

G. Awarding plaintiff three times the amount of plaintiff's damages or defendants' profits, whichever is greater;

H. Awarding plaintiff the cost of this action, as well as reasonable attorneys' fees;

I. Awarding plaintiff punitive damages as a result of defendants' wrongful acts; and

J. Awarding plaintiff such other and further relief as the Court may deem just and proper.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
George Gottlieb
Marc P. Misthal
270 Madison Avenue
New York, New York 10016
(212) 684-3900
ggottlieb@grr.com
mmisthal@grr.com

By: Marc P. Misthal
George Gottlieb (GG-5761)
Marc P. Misthal (MM-6636)

Dated: November 21, 2007
New York, New York

# EXHIBIT A

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 2,926,041**

**United States Patent and Trademark Office** Registered Feb. 8, 2005

## TRADEMARK
## SUPPLEMENTAL REGISTER

# LIPSY

A.I.J.J. ENTERPRISES, INC. (NEW YORK CORPORATION)
1000 PENNSYLVANIA AVENUE
BROOKLYN, NY 11207

FOR: WOMEN'S, LADIES AND CHILDREN'S CLOTHING, NAMELY, SWEATERS, SKIRTS, PANTS, SHORTS, TEE SHIRTS, UNDERWEAR, COVER-UPS, JUMP SUITS, JUMPERS, JEANS, PAJAMAS, ROBES, SLEEPERS, TOPS, SHIRTS, BLOUSES, NEWBORN AND INFANT WEAR, RAINCOATS, SCARVES, HATS, HOODS, GLOVES, JACKETS, COATS, SOCKS, ROMPERS, VESTS, SHOES, TIES, DRESSES, SWIMWEAR, LINGERIE, BELTS, SWEATSHIRTS, TURTLENECK SHIRTS; AND FOR BODY WEAR AND EXERCISE WEAR, NAMELY, BATHING SUITS, LEOTARDS, WARM-UP SUITS AND SWEATSUITS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-22-2003; IN COMMERCE 9-22-2003.

SER. NO. 76-551,554, FILED P.R. 10-16-2003; AM. S.R. 8-6-2004.

BRETT J. GOLDEN, EXAMINING ATTORNEY