**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
A.I.J.J. ENTERPRISES, INC.,     :  **ANSWER, AFFIRMATIVE**
                 **DEFENSES AND COUNTER-**
        **Plaintiff,**  :  **CLAIMS OF DEFENDANT**
                 **LIPSY, LTD.**
    **- against -**     :

LF STORES, CORP., LF STORES NEW :  07 CV 10511 (SAS)
YORK, INC. and LIPSY LTD.,
               :  **JURY TRIAL DEMANDED ON**
        **Defendants.**   **COUNTERCLAIMS**
-----------------------------------------------------------x

    Defendant Lipsy, Ltd. ("Defendant" or "Lipsy"), by its undersigned attorneys Kane Kessler, P.C., as and for its answer to the Complaint dated November 21, 2007 (the "Complaint") of plaintiff A.I.J.J. Enterprises, Inc. ("Plaintiff" or "AIJJ") and Counterclaims, respectfully avers as follows:

    1.  Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint regarding Plaintiff's actions or the purpose of Plaintiff in bringing this lawsuit, admits that defendants Lipsy Ltd. and LF Stores New York, Inc. sold goods bearing the trademark LIPSY without authorization from Plaintiff but denies that any authorization from Plaintiff was legally required and otherwise denies the allegations contained in paragraph 1 of the Complaint.

<b><u>JURISDICTION AND VENUE</u></b>

    2.  Defendant admits that Plaintiff purports to seek relief under the Lanham Act, Section 360-l of the New York General Business Law and the common law of New York

relating to unfair competition referred to in paragraph 2 of the Complaint and otherwise denies the allegations contained in paragraph 2 of the Complaint.

3.    Defendant avers that paragraph 3 of the Complaint contains legal conclusions to which no response is required.

## THE PARTIES

4.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    Defendant admits the allegations contained in paragraph 11 of the Complaint.

#280535.2

2

12.    Defendant admits that it operates a website at www.lipsy.co.uk at which products are available for sale and otherwise denies the allegations in paragraph 12 of the Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of the Complaint.

## FACTS

14.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.    Defendant admits that, upon information and belief, co-defendant LF Stores New York, Inc. operates retail clothing stores in Manhattan that offer for sale clothing bearing the mark LIPSY and that no authorization from Plaintiff was received but denies that any authorization from Plaintiff was legally required and otherwise denies the allegations contained in paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    Defendant admits that products are available for sale to consumers in the United States from the website at www.lipsy.co.uk and that said website indicates store locations in the United States where Defendant's products may be acquired and otherwise denies the allegations in paragraph 19 of the Complaint.

#280535.2

3

20.     Defendant admits that it sells products bearing the mark LIPSY and otherwise denies the allegations in paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained in paragraph 21 of the Complaint.

## COUNT I
## (TRADEMARK INFRINGEMENT)

22.     Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 21 as if more fully set forth herein at length.

23.     Defendant admits, upon information and belief, that co-defendants LF Stores, Corp. and LF Stores of New York, Inc. did not receive any authorization from Plaintiff, admits that Defendant did not receive any authorization from Plaintiff, but it denies that such authorization is legally required and otherwise denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

## COUNT II
## (UNFAIR COMPETITION)

29.    Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 28 as if more fully set forth herein at length.

30.    Defendant admits, upon information and belief, that co-defendants LF Stores, Corp. and LF Stores of New York, Inc. did not receive any authorization from Plaintiff, admits that Defendant did not receive any authorization from Plaintiff, denies that such authorization is legally required and otherwise denies the allegations contained in paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in paragraph 35 of the Complaint.

## COUNT III
## (COMMON LAW TRADEMARK INFRINGEMENT)

36.    Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 35 as if more fully set forth herein at length.

37.    Defendant admits that Plaintiff purports to seek relief under New York state law and otherwise denies the allegations contained in paragraph 37 of the Complaint.

38.    Defendant admits that it sells goods bearing the mark LIPSY in the United States and New York and otherwise denies the allegations in paragraph 38 of the Complaint.

39.    Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in paragraph 42 of the Complaint.

## COUNT IV
## (COMMON LAW UNFAIR COMPETITION)

43.    Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 42 as if more fully set forth herein at length.

44.    Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.    Defendant denies the allegations contained in paragraph 45 of the Complaint.

#280535.2

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

### COUNT V
### (INJURY TO BUSINESS REPUTATION AND DILUTION)

49.     Defendant repeats and realleges its responses to the allegations set forth in paragraphs 1 through 48 as if more fully set forth herein at length.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

53.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred by the doctrines of laches, unclean hands, waiver, acquiescence and estoppel.

### THIRD AFFIRMATIVE DEFENSE

55.     Plaintiff has no trademark rights to assert since Plaintiff, in its application for registration of the mark LIPSY on the Supplemental Register, conceded that its alleged

#280535.2
7

trademark is descriptive and/or merely a surname and/or not capable of distinguishing the goods

of Plaintiff and has not achieved secondary meaning.

## FOURTH AFFIRMATIVE DEFENSE

56.    At all times referred to herein, Defendant did not willfully perform any act

whatsoever constituting a violation of any rights of Plaintiff and at all times acted in good faith.

## FIFTH AFFIRMATIVE DEFENSE

57.    Plaintiff's claims are barred because Defendant has priority of use and

superior rights with respect to the LIPSY mark.

## SIXTH AFFIRMATIVE DEFENSE

58.    Plaintiff is not entitled to damages or profits because Plaintiff cannot show

the requisite willful activity or actual confusion to warrant such relief.

## SEVENTH AFFIRMATIVE DEFENSE

59.    Plaintiff is not entitled to damages under Section 360-l of the New York

General Business Law because money damages are not recoverable under such section.

## COUNTERCLAIMS

Counterclaim Plaintiff Lipsy, Ltd., as and for its counterclaims against

Counterclaim Defendant A.I.J.J. Enterprises, Inc., avers as follows:

60.    Lipsy, Ltd. is a corporation organized and existing under the laws of the

United Kingdom with a place of business at 45-46 Berners Street, London W1T 3NE.

61.     Upon information and belief, A.I.J.J. Enterprises, Inc. is a New York corporation with a place of business at 1000 Pennsylvania Avenue, Brooklyn, New York.

62.     Upon information and belief, AIJJ transacts business within this district and is within the jurisdiction of this Court.

63.     The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§1331, 1338, 2201, 2202 and 1367(a).  Venue is proper pursuant to 28 U.S.C. §1391.


## COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

64.     Lipsy repeats and realleges each of the allegations contained in paragraphs 60 through 63 hereof as if fully set forth here.

65.     This counterclaim seeks, among other things, a declaration by the Court that Lipsy's conduct has not constituted trademark infringement, unfair competition, violation of New York General Business Law Section 360-l, common law trademark infringement or common law unfair competition.

66.     AIJJ has commenced the instant lawsuit  claiming that the actions of Defendant constitute trademark infringement and unfair competition under the United States Lanham Act, 15 U.S.C §101 et seq., a violation of New York General Business Law § 360-1 and common law trademark infringement and unfair competition under New York State law. Lipsy denies such allegations.

67.     Lipsy and its predecessors in interest have been using, distributing, displaying and promoting the LIPSY trademark in the United Kingdom, throughout Europe and

Asia since at least as early as 1989 in connection with apparel and other goods. Lipsy and its predecessors in interest have been using, distributing, displaying and promoting the LIPSY trademark in the United States since at least as early as 1995 in connection with apparel and other goods. Such use has been continuous and ongoing.

68.    Since at least as early as 1995, Lipsy and its predecessors in interest have sold apparel bearing the trademark LIPSY in the United States and New York State through retail stores owned by third parties and/or over the Internet directly to consumers.

69.    By virtue of the use by Lipsy and its predecessors in interest of the LIPSY trademark in the United States as hereinbefore alleged, the trademark LIPSY as become a strong identifier for the goods of Lipsy in the United States.

70.    Upon information and belief, at some point in time after Lipsy's first use of the mark LIPSY in commerce in the United States and in New York State, AIJJ became aware of Lipsy's LIPSY trademark and began itself using a representation of the LIPSY mark in connection with the sale of apparel in the United States. In fact, the style and typeface of the LIPSY mark currently used by AIJJ and the subject of its trademark registration is virtually identical to the style and typeface of the LIPSY mark that Lipsy had been previously using at the applicable time of AIJJ's adoption of AIJJ's LIPSY mark.

71.    Lipsy has prior and superior trademark rights to AIJJ in and to the LIPSY trademark in the United States.

72.    AIJJ adopted and used the LIPSY trademark in the United States with full knowledge of Lipsy's prior and superior rights to the LIPSY trademark.

73.    AIJJ's acts have been perpetrated willfully, intentionally and maliciously, with full knowledge of Lipsy's prior and superior rights in the LIPSY mark.

74.    AIJJ's continuous acts have caused and will cause Lipsy irreparable harm and injury, and Lipsy has no adequate remedy at law.

75.    AIJJ has improperly sold goods bearing the LIPSY mark with the intent to cause confusion and mistake, to deceive and mislead the purchasing pubic as to source, sponsorship and/or affiliation and to improperly appropriate Lipsy's mark.

76.    AIJJ's acts are likely to cause confusion among an appreciable number of reasonably prudent purchasers as to source, sponsorship and/or affiliation.

77.    Lipsy has filed several trademark applications with the United States Patent and Trademark Office ("PTO") seeking registration of the LIPSY trademark for a variety of goods, including without limitation Application Serial Numbers 78/929422, 78/929418, and 78/929417 (the "Applications")  The PTO has issued final office actions rejecting the Applications pursuant to Section 2(d) of the Trademark Act on a finding of a likelihood of confusion with AIJJ's trademark registration for LIPSY.  Lipsy has commenced a cancellation proceeding before the Trademark Trial and Appeal Board (the "Cancellation Proceeding") seeking cancellation of  AIJJ's trademark registration for the mark LIPSY.  The Applications have been suspended pending the outcome of the Cancellation Proceeding.

78.    AIJJ has no trademark rights capable of being asserted under the Lanham Act because AIJJ, in its application for registration of its LIPSY trademark on the Supplemental Register, conceded that its alleged trademark is merely a surname and/or otherwise descriptive pursuant to 15 U.S.C. §1052(e) and otherwise not capable of differentiating the goods of AIJJ and has not achieved secondary meaning.

79.    Upon information and belief, at the time of its application for registration of the LIPSY trademark in the United States AIJJ was aware of the prior and superior rights of

Lipsy in and to the LIPSY trademark and therefore defrauded the United States Patent and

Trademark Office ("PTO") when AIJJ's Vice President Joseph Chehebar signed a declaration

dated October 23, 2003 contained in AIJJ's trademark application stated under penalty of perjury

that "'[t]he undersigned being hereby warned that willful false statements and the like so made

are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001 . . . believes the applicant

to be the owner of the trademark sought to be registered; to the best of his knowledge and belief

no other person, firm, corporation, or association has the right to use the above identified mark in

commerce, either in identical form thereof or in such near resemblance thereto as to be likely,

when used on or in connection with the goods or services of such other person, to cause

confusion, or to cause mistake, or to deceive . . . .'"

80.    By reason of the foregoing, an actual controversy has arisen and exists

between the parties.

## COUNT II

## (DECLARATORY JUDGMENT OF INVALIDITY)

81.    Lipsy repeats and realleges each allegation in paragraph 60 through 80 as

if fully set forth herein.

82.    By reason of the foregoing, AIJJ's trademark registration for the LIPSY

mark, Registration No. 2,926,041, any trademark rights asserted in AIJJ's trademark applications

for federal registration of the mark LIPSY including without limitation Application Serial Nos.

77/334594, 77/325163 and 77/325153, and any and all common law rights AIJJ may claim in the

LIPSY mark, are invalid.

83.    By reason of the foregoing, an actual controversy has arisen and exists

between the parties.

## COUNT III

## (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT)

84.    Lipsy repeats and realleges each allegation in paragraphs 60 through 83 as if fully set forth herein.

85.    AIJJ has sold and continues to sell apparel and other products under the LIPSY trademark through its retail locations in the United States.

86.    Lipsy has never authorized AIJJ to sell clothing or other products in the United States under the LIPSY mark.

87.    AIJJ adopted and used the LIPSY trademark in the United States with full knowledge of Lipsy's prior and superior rights to the LIPSY trademark.

88.    AIJJ's acts have been perpetrated willfully, intentionally and maliciously, with full knowledge of Lipsy's prior and superior rights in the LIPSY mark.

89.    AIJJ's continuous acts have caused and will cause Lipsy irreparable harm and injury, and Lipsy has no adequate remedy at law.

90.    AIJJ has improperly sold goods bearing the LIPSY mark with the intent to cause confusion and mistake, to deceive and mislead the purchasing pubic as to source, sponsorship and/or affiliation and to improperly appropriate Lipsy's mark.

91.    AIJJ's acts are likely to cause confusion among an appreciable number of reasonably prudent purchasers.

#280535.2                                    13

92.     Plaintiff's acts violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).


93.     Defendant is suffering damages as a result of the wrongful acts of AIJJ in an amount not yet determined but believed to be in excess of $2,000,000.

## COUNT IV

## (COMMON LAW UNFAIR COMPETITION)

94.     Defendant repeats and realleges each allegation in paragraphs 60 through 93 as if fully set forth herein.

95.     AIJJ has used the LIPSY trademark in connection with the sale of goods in the United States and in New York State and has caused goods bearing the LIPSY trademark to enter commerce in the United States and New York State.

96.     As a result of AIJJ's improper sale in the United States of clothing bearing the LIPSY mark concurrently with Lipsy's sale of similar products, the purchasing public is likely to be confused as to source, sponsorship or affiliation.

97.     Upon information and belief, AIJJ has intentionally and unfairly misappropriated Lipsy's mark with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and with the intent to unfairly profit from Lipsy's goodwill at Lipsy's expense.

98.     Upon information and belief, AIJJ has intentionally and unfairly palmed off its goods as the goods of Lipsy such that the purchasing public is likely to be confused as to source, sponsorship and/or affiliation.

99.     The aforementioned acts of AIJJ were undertaken without the consent or permission of Lipsy.

100.     As a result of the foregoing, AIJJ's actions constitute unfair competition which has and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

101.     Lipsy has no adequate remedy at law, and is suffering irreparable harm.

102.     Lipsy is suffering damages as a result of the wrongful acts of AIJJ in an amount not yet determined but believed to be in excess of $2,000,000.

## COUNT V

## (COMMON LAW TRADEMARK INFRINGEMENT)

103.     Lipsy repeats and realleges each allegation in paragraphs 60 through 102 as if fully set forth herein.

104.     AIJJ has used the LIPSY mark in connection with the sale of goods in the United States and New York State without the permission or consent of Lipsy and such acts have been damaging to Lipsy..

105.     AIJJ has improperly sold goods bearing the LIPSY trademark with the intent to cause confusion and mistake, to deceive and to mislead the purchasing public.

106.     Such actions are likely to cause confusion among reasonably prudent purchasers as to source, sponsorship and/or affiliation.

107.     Lipsy has no adequate remedy at law and is suffering irreparable harm.

108.     Lipsy has suffered and is suffering damages as a result of the wrongful acts of AIJJ in an amount not yet determined but believed to be in excess of $2,000,000.00.

#280535.2

## COUNT VI

### <u>(INJURY TO BUSINESS REPUTATION AND DILUTION)</u>

109.    Lipsy repeats and realleges each allegation in paragraphs 60 through 108 as if fully set forth herein.

110.    By reason of the foregoing, AIJJ is likely to injure Lipsy's business reputation and dilute the distinctive quality of Lipsy's LIPSY mark, in violation of Section 360-l of the New York General Business Law.

111.    These acts of AIJJ have been without the permission or consent of Lipsy and, unless enjoined by this Court, AIJJ will continue these practices and acts, thereby harming Lipsy's business reputation and causing Lipsy immediate and irreparable injury for which Lipsy has no adequate remedy at law.

**WHEREFORE**, Defendant/Counterclaim Plaintiff Lipsy, Ltd. hereby respectfully requests that the Court order that:

A.    The Complaint be dismissed with prejudice;

B.    An injunction issue preliminarily and permanently enjoining and restraining AIJJ from (i) marketing, selling, promoting, advertising or distributing any clothing or other goods bearing the LIPSY mark or any mark confusingly similar to the LIPSY mark, (ii) passing off or otherwise representing that any product sold by AIJJ is related to, emanates from or is otherwise endorsed Lipsy, or (iii) injuring Lipsy's business reputation by diluting the distinctive quality of Lipsy's mark;

#280535.2

C.      Lipsy's actions be declared not to constitute a trademark infringement under 15 U.S.C. §1114, a false designation of origin under 15 U.S.C. §1125(a), a violation of New York General Business Law Section 360-l, or a trademark infringement or unfair competition under New York State law;

D.      The United States Patent and Trademark Office cancel Plaintiff's trademark registration for the mark "LIPSY", Registration No. 2,926,041, and refuse to register AIJJ's pending applications for registration of the mark LIPSY, Application Serial Nos. 77/334594, 77/325163 and 77/325153, pursuant to Section 2(d) of the United States Lanham Act, 15 U.S.C. §1052(d) on the grounds of a likelihood of confusion with Lipsy's prior and superior LIPSY mark;

E.      AIJJ account to Lipsy for all profits resulting from AIJJ's infringing and wrongful activities;

F.      Lipsy be awarded its damages from AIJJ's wrongful acts;

G.      Lipsy be awarded up to three times the amount of Lipsy's damages or AIJJ's profits, whichever is greater;

H.      Lipsy be awarded punitive damages as a result of AIJJ's wrongful acts;

I.      AIJJ pay over to Lipsy its reasonable attorneys' fees and costs incurred in connection with this action;

J.      AIJJ deliver to Lipsy or destroy all clothing, labels, packaging and other products in its possession, custody or control bearing the LIPSY mark;

K.      AIJJ recall from its stores all products bearing the LIPSY mark; and

#280535.2

L.     For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 7, 2008

                              KANE KESSLER, P.C.

                              By:_____
                                   Adam M. Cohen (AMC-9918)
                                   Gillian Overland (GO-7300)
                              Attorneys for Defendant/
                                   Counterclaim Plaintiff
                                   Lipsy, Ltd.
                              1350 Avenue of the Americas
                              New York, New York 10019
                              (212) 541-6222
                              acohen@kanekessler.com
                              goverland@kanekessler.com

#280535.2                              18

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                             ) ss.:

COUNTY OF NEW YORK    )

        I, **SANDRA AYALA**, being duly sworn, say:

        I am not a party to the within action, am over 18 years of age, and reside at Levittown, New York.

        On January 7, 2008, I served the within:

### ANSWER

by delivering a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following:

        George Gottlieb, Esq.
        Marc Misthal, Esq.
        Gottlieb, Rackman & Reisman, PC
        270 Madison Avenue
        New York, NY  10016

                                            SANDRA AYALA

Sworn to before me this
7th day of January, 2008

Notary Public

BRUCE M. SCHLOSS
Notary Public, State of New York
No. 31-4734625
Qualified in Westchester County
Commission Expires May 31, 20__