UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| A.I.J.J. ENTERPRISES, INC., | : | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Plaintiff, | : | **OF DEFENDANTS LF STORES NEW YORK, INC.** |
| - against - | : | AND LF STORES, CORP. |
| LF STORES, CORP., LF STORES NEW YORK, INC. and LIPSY LTD., | : | 07 CV 10511 (SAS) |
| | : | |
| Defendants. | | |

-------------------------------------------------------------x

Defendants LF Stores, Corp. and LF Stores New York, Inc. (collectively, "Defendants" or "LF"), by their undersigned attorneys Kane Kessler, P.C., as and for their answer to the Complaint dated November 21, 2007 (the "Complaint") of plaintiff A.I.J.J. Enterprises, Inc. ("Plaintiff" or "AIJJ"), respectfully aver as follows:

1.      Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint regarding Plaintiff's actions, Plaintiff's purpose in bringing this lawsuit or the actions of co-defendant Lipsy Ltd., admit that Defendant LF Stores New York, Inc. sold goods bearing the trademark LIPSY provided by co-defendant Lipsy Ltd. without authorization from Plaintiff but deny that any authorization from Plaintiff was legally required and otherwise deny the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      Defendants admit that Plaintiff purports to seek relief under the Lanham Act, Section 360-1 of the New York General Business Law and the common law of New York

#279748.2

relating to unfair competition referred to in paragraph 2 of the Complaint and otherwise deny the allegations contained in paragraph 2 of the Complaint.

3.    Defendants aver that paragraph 3 of the Complaint contains legal conclusions to which no response is required.

## THE PARTIES

4.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.    Defendants deny the allegations in paragraph 8 of the Complaint.

9.    Defendants admit the allegations in paragraph 9 of the Complaint.

10.    Defendants admit that LF Stores New York, Inc. sells products through retail stores and otherwise deny the allegations contained in paragraph 10 of the Complaint.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Defendants deny the allegations contained in paragraph 13 of the Complaint.

## FACTS

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.    Defendants admit that LF Stores New York, Inc. operates retail clothing stores in Manhattan that offer for sale clothing bearing the mark LIPSY and that no authorization from Plaintiff was received but deny that any authorization from Plaintiff was legally required and otherwise deny the allegations contained in paragraph 17 of the Complaint.

18.    Defendants deny the allegations in paragraph 18 of the Complaint.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.    Defendants admit that they sell products bearing the mark LIPSY and otherwise deny the remaining allegations in paragraph 20 of the Complaint.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

## COUNT I
## (TRADEMARK INFRINGEMENT)

22.    Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 21 as if more fully set forth herein at length.

23.     Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding co-defendant Lipsy Ltd., admit that Plaintiff never gave Defendants authorization to use the mark LIPSY but deny that such authorization is legally required and otherwise deny the allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

## COUNT II
## (UNFAIR COMPETITION)

29.     Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 28 as if more fully set forth herein at length.

30.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint regarding co-defendant Lipsy Ltd., admit that Plaintiff never gave Defendants authorization to use the LIPSY mark but deny that such authorization is legally required and otherwise deny the allegations in paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in paragraph 35 of the Complaint.

## COUNT III
## (COMMON LAW TRADEMARK INFRINGEMENT)

36.    Defendants repeat and reallege their responses to the allegations set forth in paragraphs 1 through 35 as if more fully set forth herein at length.

37.    Defendants admit that Plaintiff purports to seek relief under New York state law and otherwise deny the allegations in paragraph 37 of the Complaint.

38.    Defendants admit that LF Stores New York, Inc. sells goods bearing the trademark LIPSY and otherwise deny the allegations contained in paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in paragraph 41 of the
Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the
Complaint.

## COUNT IV
## (COMMON LAW UNFAIR COMPETITION)

43.    Defendants repeat and reallege their responses to the allegations set forth
in paragraphs 1 through 42 as if more fully set forth herein at length.

44.    Defendants deny the allegations contained in paragraph 44 of the
Complaint.

45.    Defendants deny the allegations contained in paragraph 45 of the
Complaint.

46.    Defendants deny the allegations contained in paragraph 46 of the
Complaint.

47.    Defendants deny the allegations contained in paragraph 47 of the
Complaint.

48.    Defendants deny the allegations contained in paragraph 48 of the
Complaint.

## COUNT V
## (INJURY TO BUSINESS REPUTATION AND DILUTION)

49.    Defendants repeat and reallege their responses to the allegations set forth
in paragraphs 1 through 48 as if more fully set forth herein at length.

50.    Defendants deny the allegations contained in paragraph 50 of the
Complaint.

#279748.2                                  6

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

53.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

54.    Plaintiff's claims are barred by the doctrines of laches, unclean hands, waiver, acquiescence and estoppel.

## THIRD AFFIRMATIVE DEFENSE

55.    Plaintiff has no trademark rights to assert since Plaintiff, in its application for registration of the mark LIPSY on the Supplemental Register, conceded that its alleged trademark is descriptive and/or merely a surname and/or not capable of distinguishing the goods of Plaintiff and has not achieved secondary meaning.

## FOURTH AFFIRMATIVE DEFENSE

56.    At all times referred to herein, Defendants did not willfully perform any act whatsoever constituting a violation of any rights of Plaintiff and at all times acted in good faith.

## FIFTH AFFIRMATIVE DEFENSE

57.    Plaintiff's claims are barred because Lipsy Ltd. has priority of use and superior rights with respect to the LIPSY mark.

## SIXTH AFFIRMATIVE DEFENSE

58.    Plaintiff is not entitled to damages or profits because Plaintiff cannot show the requisite willful activity or actual confusion to warrant such relief.

## SEVENTH AFFIRMATIVE DEFENSE

59.    Plaintiff is not entitled to money damages under Section 360-l of the New York General Business Law because money damages are not recoverable under such section.

## EIGHTH AFFIRMATIVE DEFENSE

60.    Plaintiff's claims against defendant LF Stores, Corp. fail because defendant LF Stores, Corp. had no involvement in the actions alleged in the Complaint.

**WHEREFORE**, Defendants LF Stores, Corp. and LF Stores New York, Inc. hereby respectfully request that the Court order that:

A.    The Complaint be dismissed with prejudice;

B.    The United States Patent and Trademark Office cancel Plaintiff's trademark registration for the mark "LIPSY", Registration No. 2,926,041, and refuse to register AIJJ's pending applications for registration of the mark LIPSY, Application Serial Nos. 77/334594, 77/325163 and 77/325153, pursuant to Section 2(d) of the United States Lanham Act, 15 U.S.C. §1052(d) on the grounds of a likelihood of confusion with Lipsy's prior and superior LIPSY mark;

C.    AIJJ pay over to LF Stores Corp. and LF Stores New York, Inc. their reasonable attorneys' fees and costs incurred in connection with this action; and

D.      For such other and further relief as the Court deems just and proper.


Dated: New York, New York
       January 7, 2008

                                   KANE KESSLER, P.C.


                                   By:_____
                                        Adam M. Cohen (AMC-9918)
                                        Gillian Overland (GO-7300)
                                        Attorneys for Defendants
                                               LF Stores, Corp. and
                                               LF Stores New York, Inc.
                                   1350 Avenue of the Americas
                                   New York, New York 10019
                                   (212) 541-6222
                                   acohen@kanekessler.com
                                   goverland@kanekessler.com

#279748.2                          9

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

      **I, SANDRA AYALA**, being duly sworn, say:

      I am not a party to the within action, am over 18 years of age, and reside at Levittown, New York.

      On January 7, 2008, I served the within:

### ANSWER

by delivering a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following:

              George Gottlieb, Esq.
              Marc Misthal, Esq.
              Gottlieb, Rackman & Reisman, PC
              270 Madison Avenue
              New York, NY  10016

                                    SANDRA AYALA

Sworn to before me this
7th day of January, 2008

_____
Notary Public

BRUCE M. SCHLOSS
Notary Public, State of New York
No. 31-4734625
Qualified in Westchester County
Commission Expires May 31, 20__