UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.I.J.J. ENTERPRISES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> LF STORES, CORP.; LF STORES NEW YORK, INC. and LIPSY LTD., <br><br> *Defendants.* | Civil Action No. 07 CV 10511 (SAS) <br><br> ECF CASE |

### REPLY TO COUNTERCLAIMS

Plaintiff, A.I.J.J. Enterprises, Inc., by its attorneys, answers the counterclaims of defendant Lipsy Ltd. and states as follows:

1. Plaintiff admits the allegations of Paragraph 60 of the Counterclaims.

2. Plaintiff admits the allegations of Paragraph 61 of the Counterclaims.

3. Plaintiff admits the allegations of Paragraph 62 of the Counterclaims.

4. Plaintiff avers that the allegations of Paragraph 63 of the Counterclaims are legal conclusions to which no response is required. To the extent that a response is required, Plaintiff denies the allegations of Paragraph 63 of the Counterclaims.

5. In response to Paragraph 64 of the Counterclaims Plaintiff repeats and realleges its responses to each of allegations contained in paragraphs 1 through 4 as if fully set forth here.

6. Plaintiff admits that this counterclaim purports to seek a declaratory judgment but denies that the counterclaim is properly pled or that Lipsy Ltd. ("Lipsy") is entitled to relief.

7. In response to Paragraph 66 of the Counterclaims, Plaintiff admits that

it filed the instant lawsuit, which asserts claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 101 et seq., a violation of New York General Business Law § 360-1 and common law trademark infringement and unfair competition under New York State law, and admits that defendant Lipsy has filed its answer. Plaintiff denies the remaining allegations of Paragraph 66 of the Counterclaims.

8. Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 67 of the Counterclaims and accordingly denies the same.

9. Plaintiff lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 68 of the Counterclaims and accordingly denies the same.

10. Plaintiff denies the allegations of Paragraph 69 of the Counterclaims.

11. Plaintiff denies the allegations of Paragraph 70 of the Counterclaims.

12. Plaintiff denies the allegations of Paragraph 71 of the Counterclaims.

13. Plaintiff denies the allegations of Paragraph 72 of the Counterclaims.

14. Plaintiff denies the allegations of Paragraph 73 of the Counterclaims.

15. Plaintiff denies the allegations of Paragraph 74 of the Counterclaims.

16. Plaintiff denies the allegations of Paragraph 75 of the Counterclaims.

17. Plaintiff denies the allegations of Paragraph 76 of the Counterclaims.

18. Plaintiff admits the allegations of Paragraph 77 of the Counterclaims and further admits that upon motion of the parties the Cancellation Proceeding has been suspended pending the disposition of this action.

19. Plaintiff denies the allegations of Paragraph 78 of the Counterclaims.

20. Plaintiff admits that its Vice-President, Joseph Chehebar, signed a

declaration dated October 23, 2003 in connection with its application to register the LIPSY mark, which declaration speaks for itself. Plaintiff denies the remaining allegations of Paragraph 79 of the Counterclaims.

21. Plaintiff admits that an actual controversy has arisen and exists between the parties as set forth in the Complaint herein and denies the remaining allegations of Paragraph 80 of the Counterclaims.

22. In response to paragraph 81 of the counterclaims, Plaintiff repeats and realleges its responses to each of allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff denies the allegations of Paragraph 82 of the Counterclaims.

24. Plaintiff admits that an actual controversy has arisen and exists between the parties as set forth in the Complaint herein and denies the remaining allegations of Paragraph 83 of the Counterclaims.

25. In response to paragraph 84 of the counterclaims, Plaintiff repeats and realleges its responses to each of allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff admits that it has sold and continues to sell apparel under the LIPSY mark, and denies the remaining allegations of Paragraph 85 of the Counterclaims.

27. Plaintiff denies the allegations of Paragraph 86 of the Counterclaims.

28. Plaintiff denies the allegations of Paragraph 87 of the Counterclaims.

29. Plaintiff denies the allegations of Paragraph 88 of the Counterclaims.

30. Plaintiff denies the allegations of Paragraph 89 of the Counterclaims.

31. Plaintiff denies the allegations of Paragraph 90 of the Counterclaims.

32. Plaintiff denies the allegations of Paragraph 91 of the Counterclaims.

33. Plaintiff denies the allegations of Paragraph 92 of the Counterclaims.

34. Plaintiff denies the allegations of Paragraph 93 of the Counterclaims.

35. In response to paragraph 94 of the counterclaims, Plaintiff repeats and realleges its responses to each of allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff admits the allegations of Paragraph 95 of the Counterclaims.

37. Plaintiff denies the allegations of Paragraph 96 of the Counterclaims.

38. Plaintiff denies the allegations of Paragraph 97 of the Counterclaims.

39. Plaintiff denies the allegations of Paragraph 98 of the Counterclaims.

40. Plaintiff denies the allegations of Paragraph 99 of the Counterclaims.

41. Plaintiff denies the allegations of Paragraph 100 of the Counterclaims.

42. Plaintiff denies the allegations of Paragraph 101 of the Counterclaims.

43. Plaintiff denies the allegations of Paragraph 102 of the Counterclaims.

44. In response to paragraph 103 of the counterclaims, Plaintiff repeats and realleges its responses to each of allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Plaintiff admits that it has used the LIPSY mark in connection with the sale of goods in the United States and New York State. Plaintiff denies the remaining allegations of Paragraph 104 of the Counterclaims.

46. Plaintiff denies the allegations of Paragraph 105 of the Counterclaims.

47. Plaintiff denies the allegations of Paragraph 106 of the Counterclaims.

48. Plaintiff denies the allegations of Paragraph 107 of the Counterclaims.

49. Plaintiff denies the allegations of Paragraph 108 of the Counterclaims.

50. In response to paragraph 109 of the counterclaims, Plaintiff repeats and realleges its responses to each of allegations contained in paragraphs 60 through 108 as if fully set forth herein.

51. Plaintiff denies the allegations of Paragraph 110 of the Counterclaims.

52. Plaintiff denies the allegations of Paragraph 111 of the Counterclaims.

## AFFIRMATIVE DEFENSES

53. The Counterclaims fail to state claims upon which relief can be granted.

54. Lipsy, by its actions and inactions regarding the subject matter of this lawsuit, waived any and all causes of action against Plaintiff.

55. Lipsy has inexcusably and unreasonably delayed in the filing of its Counterclaims against Plaintiff, causing substantial prejudice to Plaintiff. Lipsy's Counterclaims are therefore barred by the doctrine of laches.

56. Plaintiff is still investigating this matter and reserves the right to assert additional affirmative defenses as they become known.

WHEREFORE, Plaintiff demands that Lipsy take nothing by reason of its counterclaims and that the Court award Plaintiff its attorney's fees and costs of suit and such other and further relief as the Court may deem just and proper.

> GOTTLIEB, RACKMAN & REISMAN, P.C.
> Attorneys for Plaintiff
> George Gottlieb
> Marc P. Misthal
> 270 Madison Avenue
> New York, New York  10016
> (212) 684-3900
> ggottlieb@grr.com
> mmisthal@grr.com
>
> By:  s/Marc P. Misthal/
>   George Gottlieb (GG-5761)
>   Marc P. Misthal (MM-6636)

Dated: February 15, 2008
    New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Reply to Counterclaims was served on February 15, 2008 via first class mail, postage prepaid, upon

        Adam M. Cohen, Esq.
        Gillian Overland, Esq.
        Kane Kessler, P.C.
        1350 Avenue of the Americas
        New York, NY 10019

*/s/ K. Pierre*